UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GLENDA BRUNK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-188-SNLJ |
| | ) | |
| CONSECO BANK INC. and U.S. | ) | |
| BANK N.A. AS TRUSTEE FOR | ) | |
| CONSECO FINANCE HOME EQUITY | ) | |
| LOAN TRUST 2002-A, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's "motion asking the court to calculate the damages in her default judgment against Conseco Bank, Inc." (#37). This Court previously found that Conseco Bank was in default on the allegations in the complaint (#34). Plaintiff's motion seeks $11,488.00 in damages against Conseco Bank for its "violat[ion] of the covenant of good fair (sic) and fair dealing … by promising the (sic) it would reduce [plaintiff's] interest payments from an annual rate of 14.1% to 3.785% if she paid $2,300 on her mortgage, and then—pocketing the $2,300—not making the promised change." In support of those damages, plaintiff attaches a one-page

1

spreadsheet purporting to show the amounts she was overcharged as between the two interest rates.[1]

"When a default judgment is entered, facts alleged in the complaint are taken as true, but it remains for the district court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Martinizing International, LLC. v. BC Cleaners, LLC.*, 855 F.3d 847, 850 (8th Cir. 2017). Thus, after a default judgment is entered, the plaintiff must nonetheless "prove [they are] entitled to the relief sought." *Id*. And even if the facts alleged in a complaint are taken as true, "facts relating to the amount of damages [] must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *see also* 10A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (4th ed. 2018) (noting that when a claim is for a sum certain or for sum capable of computation, a hearing is ordinarily not required). Accordingly, a district court may not make "generic reference[s] to evidentiary support for the damages," but must instead provide detailed findings. *Stephenson v. El-Batrawi*, 525 F.3d 907, 916-917 (8th Cir. 2008).

As mentioned, plaintiff bases her motion on Count IV, which asserts that Conseco Bank violated the implied covenant of good faith and fair dealings. "In Missouri, all contracts have an implied covenant of good faith and fair dealings." *Lucero v. Curators*

---

[1] On April 8, 2019—several months after plaintiff filed her motion—she filed a supplemental "affidavit in further support of motion to set dfault (sic) judgment damages." (#41). That supplemental briefing mostly pertains to "new documents submitted to a federal bankruptcy court" that, in plaintiff's opinion, makes clear "the trust does not own the mortgage on [her] home and lacked standing to accelerate her note." Whatever veracity that claim may have, it does nothing to assist in the calculation of damages plaintiff seeks in her pending motion.

*of Univ. of Mo.*, 400 S.W.3d 1, 9 (Mo. App. W.D. 2013). "To establish a breach[,] the plaintiff has the burden to establish that the defendant exercised a judgment conferred by the express terms of the agreement in such a manner as to evade the spirit of the transaction or so as to deny the plaintiff the expected benefit of the contract." *Rock Port Market, Inc. v. Affiliated Foods Midwest Cooperative, Inc.*, 532 S.W.3d 180, 190 (Mo. App. W.D. 2017); *see also Reliance Bank v. Paramont Properties, LLC.*, 425 S.W.3d 202, 207 (Mo. App. E.D. 2014). "[A] plaintiff must show more than just that the defendant made an erroneous decision but that the decision was made in bad faith or was arbitrary and capricious so as to amount to an abuse of discretion." *Reitz v. Nationstar Mortg., LLC.,* 954 F.Supp.2d 870, 891 (E.D. Mo. 2013).

Plaintiff has not come close to meeting that burden. Foremost, plaintiff states matter-of-factly that her note was subject to a "HARP mortgage interest rate reduction." But, whether the note was—by its terms—subject to such a rate reduction is a question of law, not a fact Conseco Bank has conceded by virtue of its default. *See Webbe v. Keel*, 369 S.W.3d 755, 756 (Mo. App. S.D. 2012). The note is not before this Court, so it is impossible to know what the express terms were on the issue of an interest rate reduction. And even if some sort of reduction was warranted, because a breach of the covenant of good faith and fair dealings is recognized as a contract action, and because "the damages associated with a breach of contract arise from the terms of the contract," the absence of the underlying note makes it impossible to calculate damages, if any. *Rock Port Market, Inc.*, 532 S.W.3d at 188. Moreover, without the benefit of knowing what terms Conseco Bank was bound to, it is likewise impossible to gauge whether it "evade[d] the spirit of

3

the transaction" or "den[ied] the plaintiff the expected benefit," *Id*. at 190. To be sure, the covenant of good faith and fair dealing does not "give rise to new obligations not otherwise contained in a contract's express terms," therefore it is possible that, in denying an interest rate reduction, Conseco Bank was doing exactly what the note permitted it to do. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 310 F.Supp.3d 1002, 1023 (E.D. Mo. 2018); *see also Bishop & Assocs., LLC. v. Ameren Corp.*, 520 S.W.3d 463, 471 (Mo. banc. 2017). The admitted facts of plaintiff's complaint simply do not build the case against Conseco Bank alone for purposes of establishing that it owes damages.

In addition, it is noteworthy that the complaint states Conseco Bank assigned its rights to "Green Tree Financial Servicing Corporation" in 2004. The complaint also states that it was Green Tree, not Conseco Bank, who told plaintiff in 2013 that she was eligible for a "HARP mortgage interest rate reduction." And in her motion, plaintiff states that it was Green Tree, not Conseco Bank, who told her that her interest rate would be reduced if she paid a $2,300 fee. In unrelated filings, plaintiff admitted she does not know whether Green Tree is an agent of Conseco Bank. (#33 at p. 9 ("Conseco Bank/Synchrony has intentionally defaulted and has not answered the question of whether Green Tree was an independent contractor.")). Therefore, once again, even if default judgment works to admit all facts in the complaint against Conseco Bank, plaintiff has done nothing to show why Count IV states a valid claim against it—Conseco Bank seems to have played no real part in the underlying facts supporting plaintiff's damages.

In sum, plaintiff's motion does more *telling* than *showing*, leaving a number of questions unanswered that might otherwise demonstrate an entitlement to damages. These circumstances do not satisfy the burden of proving either a valid cause of action against Conseco Bank or an entitlement to damages thereunder. *See, e.g., PCEF, LLC. v. Hendricks Bldg. Supply LLC.*, 740 F.Supp.2d 1287 (S.D. Ala. 2010) (plaintiff, who was entitled to default judgment, failed to establish damages in that it attempted to tell the court what its damages were rather than show the court what they were through reference to the underlying agreement and supporting documentation). Plaintiff's motion will be denied. She has not demonstrated to the satisfaction of this Court that she is entitled to damages against Conseco Bank.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "motion asking the court to calculate the damages in her default judgment against Conseco Bank, Inc." (#37) is **DENIED without prejudice**.

So ordered this 9th day of April 2019.

                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE