UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENDA BRUNK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONSECO BANK INC. and U.S. )<br>BANK N.A. AS TRUSTEE FOR )<br>CONSECO FINANCE HOME EQUITY )<br>LOAN TRUST 2002-A, )<br>)<br>Defendants. ) | Case No. 1:17-CV-188-SNLJ |

## MEMORANDUM AND ORDER

This matter comes before the Court on the supplemental briefing of the parties as previously ordered by this Court. *See Brunk v. Conseco Bank, Inc.*, 2018 WL 3109081 (E.D. Mo. June 25, 2018). In that Order, which granted in part and denied in part defendant U.S. Bank's motion to dismiss while reserving judgment on Count VI, this Court stated:

> [T]he parties are ordered to submit supplemental briefing on the issue whether Homeowner has stated a claim upon which relief can be granted under § 1641(g). By its express terms, § 1641(g)(a) requires the new owner or assignee of the debt to notify the debtor. As such, to recover for a violation of § 1641(g), ... Homeowner must allege that U.S. Bank was indeed the transferee of the note and deed of trust and hence was obligated under the statute to give notice of such. But Homeowner's lawsuit is based on the opposite claim: she repeatedly alleges that the [Conseco Finance Home Equity Loan] Trust never owned the Note and that any assignment from the Trust [to U.S. Bank] was void.

*Id*. at *7 (internal citations and quotations omitted). The underlying facts are more fully stated in this Court's prior decisions. *Id*. at *1; *Brunk v. Conseco Bank, Inc.,* 2019 WL

1

1532576 (E.D. Mo. Apr. 9, 2019). But, for purposes here, it is important to note that two counts remain. Count V seeks a declaratory judgment, in part, that U.S. Bank does not own plaintiff's mortgage (and thus could not have appointed the Milsap law firm to initiate foreclosure proceedings). By contrast, Count VI asserts a claim under Section 1641(g) of the Truth in Lending Act (TILA), which is predicated on the "new owner or assignee of the debt"—U.S. Bank—failing to notify the debtor of the ownership/assignment change. Such a failure, if proven, would entitle plaintiff to a statutory damages award between $400 and $4,000 (or more if actual damages can be proven). *See* 15 U.S.C. § 1640(a)(1), (a)(2)(A)(iv).

The wrinkle in this case, then, is that Count V and Count VI are logically inconsistent. Indeed, U.S. Bank's supplemental brief primarily focuses on the fact that plaintiff's claims "conflict entirely with any right plaintiff has under TILA," and thus, the bank argues, Count VI should be "dismissed … with prejudice." Still, plaintiff says she validly pled her TILA claim against U.S. Bank "in the alternative pursuant to FRCP § 8(d)(2)."

This Court concludes plaintiff has the better argument. A similar case involving U.S. Bank is instructive. In *Fowler v. U.S. Bank N.A.*, 2 F.Supp.3d 965, 978-979 (S.D. Tex. 2014), "plaintiffs sought to determine whether U.S. Bank was assigned the Note but were unable to do so." *Id*. at * 979. Therefore, plaintiffs elected to "plead[] their claims in the alternative"—some arguing U.S. Bank was not the assignee, others embracing that it was. The court explained that Rule 8(d) permits inconsistent alternative pleadings. *Id*.

Therefore, it held that plaintiffs had stated a claim under Section 1641(g) notwithstanding competing factual allegations that U.S. Bank was not the assignee of the note. *Id*. at 980.

The result is the same here. Count V is premised on the idea that the assignment to U.S. Bank never happened—that is plaintiff's core theory. *Brunk*, 2018 WL 3109081 at *5 ("[a]s this Court understands the Complaint, … Homeowner is simply saying the assignment never happened[.]"). But, that does not mean plaintiff is disallowed from alternatively pleading a TILA claim under Count VI as a fallback position. Count VI is essentially premised on the idea that if the facts eventually reveal U.S. Bank is the holder of her mortgage note then U.S. Bank nonetheless failed to notify plaintiff of that change. This Court finds no reason to disagree with the result of *Fowler*. Though plaintiff's claims are inconsistently pled, that fact alone is not fatal to their viability. *See* FED. R. CIV. P. 8(d)(3).

Accordingly,

**IT IS HEREBY ORDERED** that U.S. Bank's motion to dismiss (#15) is **DENIED as to Count VI**.

So ordered this 31st day of October 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE