UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **GLENDA BRUNK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-188-SNLJ |
| | ) | |
| **CONSECO BANK INC. and U.S.** | ) | |
| **BANK N.A. AS TRUSTEE FOR** | ) | |
| **CONSECO FINANCE HOME EQUITY** | ) | |
| **LOAN TRUST 2002-A,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Glenda Brunk's motion to compel (#54). Plaintiff maintains two claims against defendant U.S. Bank, one seeking a declaratory judgment that U.S. Bank does not own her mortgage (Count V) and another arguing, in the alternative, that U.S. Bank failed to notify her "that [it] is the new owner [] of the debt" pursuant to Section 1641(g) of the Truth in Lending Act, 15 U.S.C. § 1641, (Count VI). The facts of this case are set out in more detail in *Brunk v. Conseco Bank, Inc.*, 2018 WL 3109081 (E.D. Mo. June 25, 2018).

Plaintiff's motion will be denied. Plaintiff requests only that "defendant be required to respond to [her first] interrogatory," which she says "defendant refused to answer [] concerning [an] undated indorsement in blank contained on an allonge and bearing the signature of a Jana Thompson." U.S. Bank did, in fact, respond to the first interrogatory:

1

> On September 26, 2017, Ms. Brunk received a package of documents from a law firm, Milsap and Singer, containing an allonge which purports to be an indorsement in blank from a Jana Thompson.
>
> a. When did Jana Thompson sign this indorsement?
> **ANSWER**: Objection, the request is not reasonably related to any claim or defense. Without waiving and subject to that objection, unknown.
>
> b. Who was Jana Thompson employed by when she signed the agreement?
> **ANSWER**: Objection, the request is not reasonably related to any claim or defense. Without waiving and subject to that objection, unknown.
>
> c. What was her title at the time she signed it?
> **ANSWER**: Objection, the request is not reasonably related to any claim or defense. Without waiving and subject to that objection, unknown.
>
> d. Who is she employed by now?
> **ANSWER**: Objection, the request is not reasonably related to any claim or defense. Without waiving and subject to that objection, unknown.
>
> e. What is her address, telephone number and e-mail.
> **ANSWER**: Objection, the request is not reasonably related to any claim or defense. Without waiving and subject to that objection, unknown.

(ECF #55-2). U.S. Bank says it doesn't know the answer to plaintiff's questions—that's a perfectly valid respond, which won't be disturbed absent showing that U.S. Bank is being dishonest. "Lack of knowledge or the ability to recollect is, if true, a fair answer." *Weaver v. Mateer and Harbert, P.A.*, 277 F.R.D. 655, 658 (M.D. Fla. 2011). Indeed, there is no evidence that U.S. Bank *would* know the answers to plaintiff's interrogatory, either. The complaint embraces that Jana Thompson was an "authorized agent" of another company, "Conseco Finance Services Corp." So, it's not surprising that U.S. Bank might lack knowledge on the specifics of this person.

Plaintiff also buries a request for extension of time to complete discovery in her motion. The deadline for completing discovery was July 31, 2020 (ECF #50). Plaintiff

says "the recent Tennessee tornado and the COVID crisis" have caused her to request more time. It is unclear what tornado plaintiff is referring to, how it affected plaintiff who lives in Missouri, or how it caused a delay so substantial as to require an extension of the discovery deadline that was set back in January, 2020. This Court will also not countenance bare-bones reference to COVID-19 as sufficient reason to bypass litigation deadlines—the outbreak affects everyone, the Court included, yet cases have generally proceeded forward in most instances. If COVID-19 has genuinely hindered plaintiff's efforts, she will need to explain how this is so with at least some basic clarity. Having failed to substantiate a genuine need for a discovery extension, plaintiff's request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Glenda Brunk's motion to compel (#54) is **DENIED**.

So ordered this 14th day of August 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE