UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENDA BRUNK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONSECO BANK INC. and U.S. )<br>BANK N.A. AS TRUSTEE FOR )<br>CONSECO FINANCE HOME EQUITY )<br>LOAN TRUST 2002-A, )<br>)<br>Defendants. ) | Case No. 1:17-CV-188-SNLJ |

## MEMORANDUM AND ORDER

Pro se plaintiff Glenda Brunk filed this lawsuit against defendant U.S. Bank as trustee for Conseco Finance Home Equity Loan Trust 2002-A. Plaintiff defaulted on her home loan in 2013. She has not made a payment on her loan since July 2015. Plaintiff filed this lawsuit against defendant in an attempt to avoid foreclosure. Only two claims remain: Count V for invalid appointment of trustee, and Count VI for violation of the Truth In Lending Act ("TILA") for failing to notify plaintiff that defendant was the new owner of her debt. This matter is currently before the Court on defendant's motion for summary judgment. [#59.] The motion has been fully briefed. Because no genuine issue of material fact exist, the Court will grant the motion for the following reasons.

**I.  Factual Background**

The following facts are undisputed except where indicated. On December 27, 2001, plaintiff and her then-husband obtained a $38,200 loan from Conseco Bank, Inc.,

1

evidenced by a promissory note and secured by a deed of trust recorded against the Property. Conseco Bank endorsed the Note to Conseco Finance Servicing Corp., and Conseco Finance Servicing Corp. endorsed the Note in blank, making it payable to the bearer. Then, the Note was transferred to Conseco Finance Home Equity Loan Trust 2002-A ("Trust 2002-A"). Trust 2002-A is governed by a Pooling and Servicing Agreement ("PSA") dated January 1, 2002.  Under the PSA, Trust 2002-A's "closing date" was February 6, 2002.

On May 10, 2004, a Deed of Trust Assignment was recorded reflecting Conseco Bank's assignment of the Deed of Trust to Conseco Finance Servicing Corp. (formerly known as Green Tree Financial Servicing Corporation).

Plaintiff and her husband divorced in 2007, and plaintiff remained in possession of the Property. Thereafter, plaintiff defaulted on the Loan by failing to make the required monthly payments.

On October 5, 2016, an Assignment of Mortgage/Deed of Trust was recorded reflecting Ditech Financial LLC f/k/a Green Tree Servicing LLC f/k/a Conseco Finance Servicing Corp.'s assignment of the Deed of Trust to U.S. Bank as trustee for Trust 2002-A. On September 21, 2017, an Appointment of Successor–Trustee was recorded, substituting Milsap & Singer, P.C. as trustee under the Deed of Trust. The Loan is currently due for the August 2015 monthly payment.  As of October 20, 2020, the amount to reinstate the Loan was $54,310.68, and the total unpaid principal balance, plus interest and fees exceeds $87,158.62.

Plaintiff filed her complaint against U.S. Bank and Conseco Bank on October 26, 2017.  This Court granted plaintiff's petition for a temporary restraining order temporarily barring U.S. Bank from foreclosing on the Property and dismissed several of plaintiff's counts.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

### III. Discussion

Defendant U.S. Bank seeks summary judgment on both remaining counts against it.

### A. Count V for invalid appointment of trustee

In this count, plaintiff essentially contends that her Note was never properly transferred to Trust 2002-A. Much of her focus, though, is on the subsequent re-assignments of the Deed of Trust. But the re-assignments of the Deed of Trust do not appear to affect Trust 2002-A's ownership of the Note.

The evidence set forth by defendant is that the Note was transferred to Trust 2002-A on January 15, 2002 and that the closing date of Trust 2002-A was February 6, 2002. Further, Conseco Bank assigned the Deed of Trust to Conseco Finance Servicing Corp. on April 20, 2004 (which was recorded in Reynolds County, Missouri, on May 10, 2004). Then, Conseco Finance Servicing Corp. (which by then had changed its name twice) assigned the Deed of Trust to U.S. Bank, N.A. as Trustee on October 4, 2016 (which was recorded on October, 5, 2016 in Reynolds County, Missouri).

Plaintiff's concerns appear to pertain to the 2002 formation of the Conseco Finance Home Equity Loan Trust 2002-A. Plaintiff's Note was transferred to that Trust 2002-A which is governed by the PSA. The PSA identifies U.S. Bank as Trustee for Trust 2002-A. But it was apparently not until October 5, 2016 that the assignment of the Deed of Trust was recorded showing its assignment to U.S. Bank as Trustee for Trust 2002-A.

Although years passed between the formation of Trust 2002-A and the recording of the Deed of Trust re-assignment, plaintiff offers no evidence to refute the fact that her Note was transferred to Trust 2002-A.  She refers to Trust 2002-A's tax-exempt status and to Trust 2002-A's supposed inability to accept fixed-rate mortgages, but such arguments are red herrings.  The real issue is whether the Note was properly transferred to Trust 2002-A.  Defendant U.S. Bank has established through competent evidence that plaintiff's Note was transferred to Trust 2002-A, over which U.S. Bank is trustee.  To further address plaintiff's concerns that her Loan could not have been included in Trust 2002-A, defendant filed an authenticated copy of Exhibit L to the Trust 2002-A PSA which identifies the plaintiff's Loan (including the loan number) as included among the loans in the Trust 2002-A pool.  Plaintiff objects that defendant's inclusion of Exhibit L as part of its reply briefing was improper, but, as defendant explains, Exhibit L was merely included to dispose of plaintiff's argument that her Loan could not have been part of Trust 2002-A.  Plaintiff's arguments that her Loan was not included in Trust 2002-A are without merit.

Plaintiff also argues that the Note was improperly endorsed by Jana Tompson when it was endorsed in blank by Conseco Finance Servicing Corp.  U.S. Bank stated that it did not know Jana Tompson's role (indeed, she was Conseco Finance Servicing Corp.'s employee and not U.S. Bank's).  Plaintiff argues that Tompson could not have endorsed the Note unless she was a cashier, secretary, or other officer pursuant to § 362.335 RSMo.  But the Note is a negotiable instrument governed by Missouri's Uniform Commercial Code, § 400.3-101 RSMo., and any authorized agent can sign such an

5

endorsement under the UCC. *See Johnson v. Nationstar Mortgage, LLC*, 470 S.W.3d 754, 758 (Mo. App. W.D. 2015).  The evidence shows that the Note was endorsed-in-blank by Jana Tompson, "authorized agent of Conseco Finance Servicing Corp."

U.S. Bank has established its interest as Trustee in the plaintiff's Loan.  Even viewing the facts in a light favorable to plaintiff, her claim that any invalid appointment of trustee occurred has no evidentiary support.  Summary judgment will be granted to U.S. Bank on this claim.

      **B.**      **Count VI for violation of TILA**

Plaintiff claims in the alternative that defendant U.S. Bank failed to notify her "that [it] is the new owner [] of the debt" pursuant to Section 1641(g) of the Truth in Lending Act, 15 U.S.C. § 1641.

Section 1641(g) upon which plaintiff relies was enacted in 2009, seven years after the Note was transferred to Trust 2002-A.  But plaintiff suggests that Section 1641(g) applied to require U.S. Bank to send her notice in 2016 when the Assignment of Mortgage/Deed of Trust was recorded.  Numerous courts, however, have rejected this interpretation, holding the notice requirement in Section 1641(g) is only triggered upon a transfer or assignment of the underlying debt—not the security instrument (*i.e.*, deed of trust). *See, e.g.*, *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016).  In *Robertson*, for example, the court held that the TILA "notice requirement applies only to an assignment of the underlying debt, not to the instrument—such as the Robertsons' deed of trust—that secures the transaction." *Id.*  There, "U.S. Bank was assigned the Robertsons' promissory note in early 2006, more than three years before § 1641(g)

6

entered the U.S. Code." *Id.*  Thus, the court held, at the time the Robertsons' note was bundled into a mortgage-backed trust, "U.S. Bank had no obligation to notify the Robertsons that the note was assigned to it."  *See also Giles v. Wells Fargo Bank, N.A.*, 519 Fed. App'x 576, 578 (11th Cir. 2013); *Newland v. Mortgage Stanley Private Bank, N.A.*, 2018 WL 847774, at *8 (E.D. Tenn. Feb. 13, 2018).  The same is true here.  Plaintiff's Note was packaged into Trust 2002-A well before the TILA's notification requirement became law.  The assignment of the Deed of Trust in 2016 did not trigger the TILA requirement.

Accordingly,

**IT IS HEREBY ORDERED** that defendant U.S. Bank's motion for summary judgment [#59] is GRANTED.

Dated this 31st day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE