**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **GLENDA BRUNK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:17-CV-188-SNLJ** |
| ) | |
| **CONSECO BANK INC. and U.S.** ) | |
| **BANK N.A. AS TRUSTEE FOR** ) | |
| **CONSECO FINANCE HOME EQUITY** ) | |
| **LOAN TRUST 2002-A,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pro se plaintiff Glenda Brunk filed this lawsuit against defendant U.S. Bank as

trustee for Conseco Finance Home Equity Loan Trust 2002-A.  Plaintiff defaulted on her

home loan in 2013. She has not made a payment on her loan since July 2015. Plaintiff

filed this lawsuit against defendant in an attempt to avoid foreclosure. Only two claims

remain: Count V for invalid appointment of trustee, and Count VI for violation of the

Truth In Lending Act ("TILA") for failing to notify plaintiff that defendant was the new

owner of her debt.  This Court granted summary judgment to defendant U.S. Bank on

March 31, 2021.  Plaintiff appealed and then filed a motion for reconsideration [#89]

under Federal Rule of Civil Procedure 59(b) because she says that her home, a

manufactured home, is personal property and not real estate.   She says the home as a

result is not secured either by the Note nor the mortgage to which the Conseco Finance

Home Equity Loan Trust 2002-A pertained, but rather is secured under a "UCC9 lien owned by Conseco Financial Services Corp."  [#89 at 1.]

The Federal Rules of Civil Procedure do not mention "motions for reconsideration." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017). However, courts typically construe a motion for reconsideration as either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from an order or judgment. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); *see* Fed. R. Civ. P. 59(e) & 60(b).

Here, plaintiff cites Rule 59 but does not ask the Court to alter or amend the Judgment; rather, she requests an order "vacating" the Court's earlier decision and seeks permission to "re-argue" based upon "newly-found evidence." Thus, plaintiff's motion appears to be a Rule 60(b) motion for relief from an order or judgment.

Under Rule 59(e), a court may alter or amend a judgment. Such motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist*., 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). Such motions, however, cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. *Id.*

Under Rule 60(b), a court may grant relief from an order or judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) misrepresentation,

2

fraud or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc*., 320 F.3d 809, 815 (8th Cir. 2003) (quotation omitted).

Like Rule 59(e) motions, Rule 60(b) "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc*., 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir. 1988)). Critically, Rule 60(b) motions cannot be used to "introduce new evidence that could have been adduced during pendency of the motion at issue" or "tender new legal theories for the first time." *Id.*

This Court's order on summary judgment held that plaintiff's invalid appointment of trustee claim failed because the uncontroverted evidence established that the Note was timely transferred to the Trust in January 2002. This Court further rejected plaintiff's arguments about the Trust's tax-exempt status and its alleged inability to accept fixed-rate mortgages as "red herrings" and found no merit to her arguments that the loan was not included in the Trust. This Court also rejected the claim that the Note was improperly endorsed, finding that the evidence showed that the endorsement complied with Missouri's Uniform Commercial Code. The Court further found that plaintiff's claim under Section 1641(g) of TILA failed because the Note was transferred to the Trust seven years before that section became law. The Court rejected plaintiff's argument that Section

1641(g) required U.S. Bank to notify her in 2016 when the Assignment of Deed of Trust was recorded, holding that "the notice requirement in Section 1641(g) is only triggered upon transfer or assignment of the underlying debt—not the security instrument (i.e., deed of trust)."

Plaintiff's motion asks the Court to vacate the summary judgment ruling because of "newly-found evidence" that reveals her "manufactured home is a motor vehicle" and not real estate.  That claim, however, is not relevant to either of the two issues on which this Court granted U.S. Bank summary judgment.  This Court granted summary judgment to U.S. Bank based on the uncontroverted evidence that the Note was timely transferred to the Trust and that there had been no TILA violation.  Neither of these conclusions is affected by her brand-new contention that the home on the property is not real estate. To the extent the question of whether the home was secured by the Note or Deed of Trust is properly before the Court, the Note contains an addendum in which plaintiff expressly agreed to provide the holder of the Note a security interest in the manufactured home.

Plaintiff thus has offered no basis upon which to alter the Court's judgment.  Her reply memorandum appears to attempt to litigate the propriety of a foreclosure claim by the defendant-in-default Conseco.  That matter is not before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#88] is

DENIED.

Dated this 13th day of August, 2021.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE